## EKHARDT & BECKER BREWING CO., Inc., v. KAVANAGH, Collector of Internal Revenue.

### No. 8306.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1940.

David I. Hubar, of Detroit, Mich. (David I. Hubar, Milton M. Maddin, and Sidney C. Bernstein, all of Detroit, Mich., on the brief), for appellants.

Julian D. Simpson, of Washington, D. C. (John C. Lehr and J. Thomas Smith, both of Detroit, Mich., and Julian D. Simpson and Joseph Lawrence, both of Washington, D. C., on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Suit by Ekhardt & Becker Brewing Company, Inc., appellant, to recover $28,770.96, representing taxes upon beer brewed by appellant, and paid to appellee as Internal Revenue Collector. The complaint alleged that appellant was a manufacturer of beer for sale and that it was engaged in the bottling of beer manufactured by it.

Section 3150, 26 U.S.C.A.Int.Rev.Code, levies a tax upon all beer brewed or manufactured and sold or removed for consumption or sale at the rate of $5.00 a barrel. To pay the tax the brewer purchases a supply of revenue stamps from the Collector and upon removing the beer from the brewery or warehouse in barrels or similar containers, the brewery affixes upon the spigot hole of the container a proper

stamp. See, 26 U.S.C.A.Int.Rev.Code, §§ 3151, 3152. These statutes contain certain provisions not material here for the cancellation of such stamps. But Section 3157, Title 26 U.S.C.A.Int.Rev.Code, has a provision whereby, for the purpose of bottling, beer may be withdrawn from the brewery to another building (the bottling house) through a pipe line or other conduit and that the tax shall be paid on the beer so removed, at the time of such removal, through cancellation by the Collector or his deputy in the presence of the brewer of the requisite stamps, purchased as provided by Sec. 3152. The procedure for the cancellation of the stamps is set out in Regulation 18, Article XVIII, Par. 21, but need not be related in detail.

The complaint alleges that appellant paid the tax upon all beer manufactured by it and removed from its brewery to its bottling plant in accordance with the provisions of Sections 3152 and 3157; but that, of the tax-paid beer so removed, an aggregate of 5753 barrels became spoiled and unsalable because the bottles in which it was contained were broken in the course of bottling and that the contents were disposed of as waste and never sold or removed for consumption or sale.

■ Appellant sought to recover the tax paid upon this wasted beer. Appellee moved to dismiss the action upon the ground that the complaint failed to state a cause of action. The court properly sustained this motion.

Appellant contends that it is entitled to recover upon at least three grounds:

First, that the tax was an unlawful exaction because Section 3150 authorizes its levy only upon beer that had been removed from the brewery to the bottling house for consumption or sale and that the complaint alleges that the removal of the beer to the bottling house "was solely for the purpose of bottling and not for the purpose of consumption or sale."

■ It is of course true that the motion to dismiss admits the facts of the complaint, when well pleaded, but it is equally true that the motion does not admit averments which are contrary to law. The motion to dismiss has the same force and effect as the demurrer now abolished and it was said in Louisville & Nashville R. Co. v. Palmes, 109 U.S. 244, 253, 3 S.Ct. 193, 27 L.Ed. 922, that a fact impossible in law cannot be admitted by a demurrer. If any effect is to be given to Sec. 3157 it is legally impossible to remove beer from a brewery to a bottling house through a pipe or other conduit without the payment of the taxes thereon. Further, there is no merit in the suggestion that a removal for bottling was other than a removal for consumption or sale. The bottling is merely incidental to the purpose for which beer is brewed and sold.

■ Second, appellant urges the analogy of, 26 U.S.C.A.Int.Rev.Code, § 3304. The purpose of this statute, as set out in United States v. American Tobacco Co., 166 U.S. 468, 476, 17 S.Ct. 619, 41 L.Ed. 1081, was to have the Government reimburse one who had bought and paid for revenue stamps which had been destroyed before they had been used. The statute has no application here. The complaint avers in substance that the stamps purchased by appellant were *used* to pay the tax upon the beer removed from the brewery to the bottling plant.

Third, appellant relies upon, 26 U.S.C.A. Int.Rev.Code, § 3154, which is as follows: "§ 3154. Refunds and credits. (a) The Commissioner shall make refund, or in lieu thereof, if he so elects, allow credit to a brewer in the amount of tax paid by such brewer on any beer, lager beer, ale, porter, or other similar fermented malt liquor manufactured by such brewer *which has become unsalable by reason of its condition,* upon the filing of a claim therefor by the brewer and proof by him to the satisfaction of the Commissioner that such beer, lager beer, ale, porter, or other similar fermented malt liquor (1) was fully tax-paid, (2) was lawfully removed from his brewery to his bottling house on or after March 22, 1933, (3) never was removed from such bottling house, except in the process of destruction or for return to the brewery, (4) had become unsalable without fraud, connivance, or collusion on his part, and (5) was destroyed by him in such bottling house in the presence of a representative of the Bureau of Internal Revenue, or was returned from such bottling house to the brewery in which made for use therein as brewing material." (Italics ours.)

■ It is manifest that appellant can find no support in this section, which has reference to a refund by the Commissioner of taxes paid upon *spoiled* beer and not upon *spilled* beer, and not even then unless the spoiled beer was destroyed in the bottling house in the presence of a representa-

tive of the Bureau or was returned from the bottling house to the brewery. And subsection (b) of Section 3154 provides that no such claim shall be allowed unless filed within ninety days after such destruction or return to the brewery for use as brewing material.

We find no authority for the repayment of taxes paid upon beer which was lost by the breakage of bottles in the bottling plant.

The judgment is affirmed.