CERVECERÍA INDIA, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 210.   Argued May 4, 1949.—Decided July 26, 1949.

J. *Alemañy Sosa* for petitioner.   *Vicente Géigel Polanco*, *Attorney General*, and *Edgar S. Belaval*, special counsel for the Department of Justice, for intervener, respondent in the main action.

MR. JUSTICE TODD, JR. delivered the opinion of the Court.

Petitioner prayed the Tax Court of Puerto Rico for a declaratory judgment on a controversy between petitioner and the Treasurer of Puerto Rico as to whether in accordance with § 28 of the Spirits and Alcoholic Beverages Act, Act No. 6 of 1936—as amended by Act No. 111 of May 12, 1943—[1] the Treasurer was empowered to refund to petitioner the taxes collected and paid on 1,323 cases of beer containing

---

[1] Section 28 provides:

"Section 28.—*Losses in rectifying plants, processing rooms, factories, or breweries.*—Distilled spirits, wines, and beers, which are lost through natural and inevitable causes at any rectifying plant, processing room, factory, or brewery under the immediate inspection of the government shall not be subject to the payment of the taxes prescribed in this Act; but in order that such exemption be granted, convincing and satisfactory proof must be presented to the Treasurer showing that such loss was due to natural causes which the manufacturer could not prevent, and that there was no fraud, collusion, guilt, or negligence of any kind on his part; *Provided,* That in no case shall a margin of loss of more than six (6) per cent be allowed on the amount of proof gallons of distilled spirits introduced in processing rooms.   For the granting of this margin of loss

over 5,000 gallons of beer which Cervecería India, Inc., alleged were in its warehouses and which had been spoiled by natural and inevitable causes, there having been no fraud, collusion, fault or negligence on its part.

We issued the writ to review the decision of the Tax Court to the effect that the exemption granted by § 28 of the Act, *supra*, refers to "physical losses that ordinarily occur during rectification in the processing rooms and in the bottling during the preparation for the market of the liquids in question, due to its manipulation through mechanical apparatuses and by human beings, and not losses due to chemical reactions that alter, by spoiling it, the product referred to, after the taxable event of its manufacture has occurred."

The court did not err in so deciding. It should be noted that in the allegations of the complaint it is stated that when the beer in question was spoiled it already was in the warehouses of the petitioner, in its containers and corresponding cases, that is, it was already bottled, and that § 28, *supra*, expressly refers to the beer that may be lost due to natural and inevitable causes "at any rectifying plant, processing room, factory, or brewery under the immediate inspection of the government." The Act is silent as to exemption for losses that may occur in the warehouses of a brewery after the beer has been bottled and stored. Said Section required the loss to occur in a place subject to ". . . the immediate inspection of the government. . .". Nowhere in its complaint did

in processing rooms, it shall be an indispensable requisite to make or take a physical inventory of the stocks therein at the expiration of each period of six (6) months between January 1 to June 30, and July 1 to December 31 of each year; *Provided, further*, That the spirits in stock in every processing room on the date when this inventory is made cannot be included in the pertinent computations for the determination of the margin of losses to be granted at the expiration of the following semester. The losses by overflow that may occur at breweries shall be computed on a basis of the same percentage (six (6) per cent), considering the amount of wine gallons placed in containers during the month to which said loss refers, except in cases of destruction by fire or by *force majeure*, under which circumstances the amount of the exemption shall be determined by the Treasurer."

petitioner allege that the beer, once it is withdrawn from the aging tanks—which are under the control of the government as bonded warehouses—and bottled and stored, remained subject to the immediate inspection of the government. On the contrary, the Treasurer maintains that once the beer is bottled and the taxes have been paid, when it is withdrawn from the tanks, the supervision on the part of the government ceases. Thus, if after the beer is withdrawn from the tanks and the corresponding taxes are paid, it suffered no losses, either due to spilling or spoiling, accepting without deciding that the losses contemplated by the Act include spoiled beer,—Cf. *Ekhardt & Becker Co.* v. *Kavanagh*, 112 F. 2d 751 (C.C.A. 6, 1940)—and it was spoiled due to any cause or was lost due to spilling (breaking of bottles, for example), after having been bottled and stored, said losses are not covered by § 28, *supra; Falls City Brewing Co.* v. *United States*, 12 F. Supp. 6 (D.C. Ky., 1935).

The fact that in a previous case the Tax Court gave a different interpretation to the Act and that the Treasurer did not ask for review before this Court, does not imply that the lower court is unable to change its judgment and decide the instant case as it did.

The decision appealed from should be affirmed.

Mr. Justice Negrón Fernández did not participate herein.